PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN KELLY THOMPSON, | ) | |
| | ) | CASE NO. 4:20CV1842 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MARK WILLIAMS, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |
| | | [Resolving ECF Nos. 3, 4, 5, 6] |

*Pro se* Plaintiff Shawn Kelly Thompson filed this *Bivens*[1] action against FCI Elkton Warden Mark Williams and Bureau of Prisons ("BOP") Director Michael Carvajal. In the Complaint, Plaintiff alleges that despite efforts by the BOP and FCI Elkton staff to prevent the spread of COVID-19 among FCI-Elkton inmates, the measures were inadequate and he and other inmates contracted the virus. ECF No. 1 at PageID #: 5-7.[2] He further alleges that FCI Elkton staff refused to provide him with medical treatment because the symptoms he was reporting - loss of taste and smell, as well as gut pain - were not severe enough to warrant medical

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Although Plaintiff indicates he is bringing this action under 42 U.S.C. § 1983, that statute applies only to alleged constitutional violations by state government officials and employees. The Defendants in this case are federal government officers. The case would arise, if at all, under *Bivens*.

[2] Plaintiff has filed three motions which include, for the Court's review, additional information concerning his Complaint and personal circumstances. ECF Nos. 4, 5, 6. The Court grants the motions, to the extent they request the Court's consideration of additional materials.

(4:20CV1842)

intervention. *Id.* He claims that FCI-Elkton and the BOP violated his Eighth Amendment rights. He seeks release to home confinement and injunctive relief.

## Background

Plaintiff alleges that COVID-19 was, and continues to, spread rampantly in FCI Elkton. He indicates that the cells are dormitory-style cubicles that house three prisoners rather than the two prisoners for which they were designed. ECF No. 1 at PageID #: 6. He states that social distancing is not possible. He alleges the prison and the BOP have taken steps to slow or stop the spread of COVID-19, including temperature checks, isolation of new or sick prisoners, and disinfecting cells and common areas, but they are losing the battle. *Id.* He claims the prison is understaffed and unprepared to deal with the pandemic. He indicates that inmates can no longer sign up for sick call. Instead, they alert their housing unit officer who alerts the medical staff and seeks permission for the inmate to receive an appointment. Plaintiff contends appointments are generally denied. *Id*. at PageID #: 7. He alleges that although steps have been taken to limit inmate contact, mistakes have been made in identifying inmates that have contracted the virus, leading to exposure to the virus and new infections. *Id.*

Plaintiff contends that inmates, like him, who show symptoms are not given medical care unless their symptoms are severe or life-threatening. ECF No. 1 at PageID #: 8. Plaintiff contends he developed a loss of taste and smell, which are symptoms of COVID-19. *Id*. at PageID #: 8-9. He claims his loss of taste and smell lasted for two weeks. *Id*. at PageID #: 9. He indicates he was told his symptoms were not severe and was not provided with medical treatment. *Id.* He further alleges that he experiences, and reported, daily gut pain, and has a

2

(4:20CV1842)

history of IBS and colitis, increasing the likelihood that these symptoms represent a more serious medical issue. ECF No. 4 at PageID #: 144. He alleges that he has repeatedly requested medical care for these ailments, but that those request for care have gone unanswered. *Id.*

### Standard for Review

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A

3

(4:20CV1842)

pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## Law and Analysis

As an initial matter, Plaintiff cannot obtain release to home confinement as relief in a civil rights action. To obtain the class of relief he appears to be pursuing, his sole remedy is habeas corpus or a motion for compassionate release. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff has pursued, and was denied, compassionate release. *United States v. Thomason*, 0:19CR00005, ECF No. 140 (D. Minn. Aug. 21, 2020).

Furthermore, it is not clear that Plaintiff can proceed under *Bivens* against these Defendants. To the extent he is bringing claims against them in their official capacities, the claims are construed against the United States. *Bivens* provides a limited cause of action against individual officers acting under color of federal law alleged to have acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001). It does not support an action against the United States government or any of its agencies. *Id.*; *see Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994).

To the extent that Plaintiff is asserting his claims against the Defendants in their individual capacities, he must allege each individual defendant was personally involved in the alleged deprivation of his constitutional rights. *See Nwaebo v. Hawk-Sawyer*, No. 03-3801, 2003 WL 22905316, at *1 (6th Cir. Nov. 28, 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77

(4:20CV1842)

(1976); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)); *Kesterson v. Fed. Bureau of Prisons*, No. 02-5630, 2003 WL 1795886 (6th Cir. April 2, 2003). He has not included allegations suggesting the Defendants were personally aware of Plaintiff's particular situation and took actions that were deliberately indifferent to his heath and safety.

Plaintiff includes two types of Eighth Amendment claims. The first claim concerns the general conditions in FCI Elkton during the COVID-19 pandemic. Prison conditions are subject to constitutional scrutiny under the Eighth Amendment, but in order to make out a claim, a prisoner must demonstrate both objective and subjective components. *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020). He must show that he was subjected to an objectively serious prison condition as to which the Warden and the BOP Director personally acted with subjective deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective component of a claim requires a prisoner to show that a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. An official may not be held liable if he responded reasonably to a known risk, even if the harm ultimately was not averted. *Id*. at 826.

In *Wilson*, the Sixth Circuit examined the conditions at FCI Elkton in the context of a § 2241 action and concluded that a class of medically-vulnerable inmates was not likely to succeed on the merits of an Eighth Amendment claim based on COVID-19 circumstances. *Wilson*, 961 F.3d at 844. The Sixth Circuit held that the BOP "responded reasonably to the known, serious risks posed by COVID-19 to petitioners at FCI Elkton," and, therefore, the inmates could not demonstrate the required deliberate indifference to meet the subjective element of their claim.

(4:20CV1842)

*Id*. at 840. The Court further found that the BOP's "failure to make robust use of transfer, home confinement, or furlough" for prisoners at FCI Elkton, including medically vulnerable inmates, did not constitute deliberate indifference within the meaning of the Eighth Amendment "in light of the BOP's other measures to prevent the spread of COVID-19, and given the limitations on the BOP's authority to release inmates." *Id*. at 844.

Plaintiff is well aware of these standards. Indeed, Plaintiff has appended to his Complaint a copy of the very order overturned by the Sixth Circuit in *Wilson*. ECF No. 1-22. "In light of the Sixth Circuit's decision in *Wilson*, this [Complaint], which asserts the same claim on similar allegations, lacks merit on its face." *Mathis v. Williams*, No. 4:20-CV-1228, 2020 WL 8082377, at *2 (N.D. Ohio Oct. 16, 2020). Any Eighth Amendment Claim Plaintiff attempts to assert against Defendants based on broad COVID-19 policies must therefore be dismissed, with prejudice.

The second type of Eighth Amendment claim Plaintiff asserts pertains to his personal experience in obtaining medical care for various ailments, both related and potentially unrelated to COVID-19. He alleges that despite losing his senses of taste and smell, he was not provided with medical treatment for the virus, that he "pleaded to be examined or treated for flu and COVID-like sympoms," while his concerns went unacknowledged. ECF No. 1 at PageID #: 8. Although the loss of taste and smell, alone, may not rise to the level of a serious medical concern sufficient to trigger an Eighth Amendment claim, given the lack of treatment options for those symptoms in isolation, Plaintiff further alleges that he experiences, and reported, daily gut pain, and has a history of IBS and colitis, increasing the likelihood that those symptoms represented a

6

(4:20CV1842)

more serious medical issue. ECF No. 4 at PageID #: 144. He alleges that he has repeatedly requested medical care for these ailments, but that those request for care have gone unanswered. *Id.* It is not clear from the complaint who refused the requests for care, or whether those individuals had knowledge, or were informed, of Plaintiff's underlying health conditions.

This dearth of detail makes the allegations insufficient to state an Eighth Amendment claim, although the Court cannot say with certainty that the defect could not be cured through amendment. Furthermore, Plaintiff also does not allege facts to suggest that either the FCI Elkton Warden or the BOP Director personally was aware of Plaintiff's symptoms or medical history, or were personally involved in his medical care. Absent such allegations, he cannot sustain a *Bivens* action against them in their individual capacities.

Accordingly, the claims against them are subject to dismissal under 28 U.S.C. § 1915A. Claims regarding Plaintiff's personal medical treatment will be dismissed without prejudice, and the Court will permit Plaintiff, within 30 days, to file an amended complaint.

**Potential Amended Complaint**

It appears that the defects identified in the Complaint could be cured through amendment, and that Plaintiff could potentially present colorable claims against specific individuals in a revised pleading. Accordingly, the Court will allow Plaintiff to seek to reopen this case, and amend his complaint, within 30 days. *See, e.g.*, *Greer v. Tennessee Dep't of Correction*, No. 3:20-CV-00726, 2020 WL 6517264, at *3 (M.D. Tenn. Nov. 5, 2020).

Should Plaintiff file a motion to reopen, he should include a proposed amended complaint. The Court will screen the proposed amended complaint under § 1915A before ruling

(4:20CV1842)

on the motion to reopen. Because the case will remain closed until the Court has completed the screening process, Plaintiff should not attempt to serve any Defendants unless and until the case is re-opened.[3]

Plaintiff is reminded that he is subject to the Federal Rules of Civil Procedure, including the requirement that any amended complaint contain a "short and plain statement of the claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Furthermore, "[i]t is Plaintiff['s] responsibility to edit and organize [his] claims and supporting allegations into a manageable format in a single document." *Laster v. Pramstaller*, No. 08CV10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008) (quoting *Windsor v. Colorado Dep't. of Corr.*, 9 Fed.Appx. 967, 968 (10th Cir. 2001)).

As discussed above, any amended complaint should name all Defendants in the caption of any proposed amended complaint. Fed. R. Civ. P. 10(a). Defendants should be individuals with personal involvement in the actions or events Plaintiff seeks redress for, and any proposed amended complaint should describe, with reasonable specificity, what those individuals or entities did that give rise to the claims against them, *using separate numbered paragraphs*. Fed. R. Civ. P. 10(b); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Any proposed amended complaint should relate exclusively to Plaintiff's personal health, symptoms, and denials of request for care,

---

[3] The Court also notes that Plaintiff has not sought to proceed *in forma pauperis* in this mater, and thus remains responsible for complying with the service requirements set forth in Fed. R. Civ. P. 4 should service ultimately be authorized. If Plaintiff seeks a court order directing the US Marshals Service to assist him in effectuating service in this case, Plaintiff should expressly seek such relief when he files his motion to reopen.

(4:20CV1842)

without extensive discussion of other inmates or broader concerns regarding FCI Elkton's handling of the COVID-19 pandemic generally.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. Plaintiff may, within 30 days, file a motion to reopen along with a proposed amended complaint, which will be screened by the Court before service is authorized. Plaintiff's motion providing additional materials for the Court's review (ECF No. 4, 5, 6) are granted, to the extent they request the Court's consideration of additional materials, and his Motion for Default Judgment (ECF No. 3) is denied. As service had neither been authorized nor effectuated, Defendants were not required to respond to this suit, and therefore have not defaulted.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. ]

IT IS SO ORDERED.

   June 10, 2021                           /s/ Benita Y. Pearson
Date                                       Benita Y. Pearson
                                             United States District Judge